134 N.J. Super. 583 (1975)
342 A.2d 537
MARIO FERRARI, PLAINTIFF-APPELLANT,
v.
HAROLD MELLEBY, CHIEF OF POLICE OF THE CITY OF CAMDEN, DAVID D. KELLY, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF CAMDEN, AND THE CITY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 10, 1975.
Decided June 19, 1975.
*585 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Saverio R. Principato, attorney for appellant.
Mr. Martin F. McKernan, Jr., attorney for respondents.
PER CURIAM.
This is an appeal by appellant Mario Ferrari, Deputy Chief of Police of the Police Department of the City of Camden, from a judgment entered in the Chancery Division on November 6, 1974, denying his request for injunctive relief to restrain respondents from proceeding with police departmental charges against him and to have a hearer designated other than Harold Melleby, the Police Chief of the City of Camden.
Whether appellant should have sought relief in the Law Division by a complaint in lieu of prerogative writs will not be determined since the parties and the trial judge agreed that the Chancery Division had jurisdiction of the issue presented. Whether a law division judge, a Chancery Division judge, or both, had jurisdiction is of little moment because the issue presented will be decided by this court, as will appear infra.
The trial judge granted summary judgment in favor of respondents based on the pleadings before him, because he was of the opinion that appellant must first exhaust his administrative remedies before seeking relief in the courts. We disagree and reverse.
As indicated, certain disciplinary charges, which need not be detailed, were filed against appellant by Harold *586 Melleby, Camden's Chief of Police. Thereafter, David D. Kelly, Camden's Director of Public Safety, appointed Melleby as the designated hearer to try the charges. The thrust of appellant's Chancery Division complaint was to have Kelly designate someone other than Melleby because he was convinced that Melleby was prejudiced against him and would not give him a fair and impartial hearing. When respondents denied his request, he turned to the courts for relief. It is our view that courts should be available to litigants to grant meaningful relief before a departmental hearing is held if the facts and circumstances warrant it. See Kelly v. Sterr, 62 N.J. 105, 110 (1973) where the court commented upon the departmental hearing there held that "Certainly defendant was entitled to be tried before a fair and impartial tribunal."
This right to a fair and impartial hearing transcends appellant's individual rights. The general public must be assured that nobody charged with wrongdoing, even though not criminal in nature, be deprived of his constitutional right to a fair and impartial hearing. Appellate courts in particular are given the supervisory responsibility, which must never be lightly cast aside, to safeguard those fundamental rights and maintain the public's respect.
It is crystal clear, as established by custom and our case law, that the general rule is that a superior officer may reprimand subordinates, may prefer departmental charges against them and not be disqualified per se to try such charges when duly designated to do so. Kelly v. Sterr, supra; Zober v. Turner, 106 N.J.L. 86 (E. & A. 1930). We go further and hold that courts should be extremely cautious in interfering with that administrative procedure and, in fact, rarely anticipate the necessity of doing so.
However, in the instant case, we have determined that justice and administrative due process mandate the granting of relief before the hearing is held so as to avoid the needless expenditure of everyone's time and expense in holding the hearing and, if found guilty, an appeal to the Civil *587 Service Commission and, thereafter, an appeal to the courts. See Nolan v. Fitzpatrick, 9 N.J. 477 (1952).
Our reasons for determining that appellant will not receive a fair and impartial hearing in this case will be briefly summarized.
(a) In April 1974 appellant was removed from his position as operations commander at the behest of Melleby.
(b) In August 1974 Melleby put appellant on sick leave without first obtaining a medical evaluation that such was necessary.
(c) On August 9, 1974 Melleby and the city attorney wrote an unsolicited letter to the commanding general of appellant's Army Reserve unit wherein they informed the commanding general that appellant was on sick leave for the purpose of psychiatric evaluation and that appellant was imminently capable of serious violent conduct. Again, no medical evaluation to ascertain this was ever requested.
(d) In August 1974 Melleby caused the police car assigned to appellant to be seized and then confiscated his personal papers therein relating to the pending departmental charges, including correspondence between appellant and his attorney. Despite appellant's request he was refused permission to remove such personal belongings or to have them sealed because Melleby wanted to read them. It was not until sometime in September 1974, after the trial judge ordered the papers to be returned, that some of them were returned by respondents. In this regard it should be noted that Melleby asserted it was his duty to seize and read appellant's personal papers.
(e) When appellant was recalled to do his military service as a reserve lieutenant, Melleby played a part in causing his salary to be suspended during that period. It was necessary for appellant to ultimately sue and recover his salary.
(f) Finally, it appears obvious from the record before us that whenever the departmental charges against appellant are heard, Melleby in all probability will have to be a witness if the charges against appellant are to be sustained.
*588 We realize that the trial judge did not pass upon the merits of appellant's complaint and normally we would remand the matter to him for a decision on the merits. However, in view of the fact that the complaint is now almost two years old, and appellant has been suspended without pay since August 1974, we deem it advisable to exercise our original jurisdiction under R. 2:10-5 and forthwith decide the merits.
We have carefully reviewed the record and are satisfied that appellant's charges are essentially true as outlined previously, and that in substance they are not denied by respondents. This is not the ordinary case of a superior officer preferring charges against a subordinate and then trying him thereon. We are convinced, by the record before us, that appellant will be unable to receive a fair and impartial trial if Melleby is the designated hearer.
The summary judgment granted below is reversed and the matter is remanded to David D. Kelly, Director of Public Safety of the City of Camden, or whoever else is authorized to designate a hearer with respect to the pending departmental charges against appellant, with directions to rescind the appointment of Melleby and designate a substitute hearer as soon as possible in accordance with the views expressed herein. Jurisdiction is not retained.