205 N.J. Super. 18 (1985)
500 A.2d 10
JOSEPH GRASSO, PLAINTIFF-APPELLANT,
v.
THE BOROUGH COUNCIL OF THE BOROUGH OF GLASSBORO AND THE POLICE DEPARTMENT OF THE BOROUGH OF GLASSBORO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1985.
Decided October 16, 1985.
*20 Before Judges MICHELS and DEIGHAN.
*21 Philip B. Seaton argued the cause for appellant (Kozlov, Seaton & Romanini, attorneys; Philip B. Seaton, on the brief).
Charles R. Iannuzzi argued the cause for respondents.
The opinion of the court was delivered by DEIGHAN, J.A.D.
Plaintiff Detective Joseph Grasso, a member of the Glassboro Police Department, was dismissed by the Mayor and Council of the Borough of Glassboro (Mayor and Council) after 14 years of service. He appealed to the Superior Court, Law Division pursuant to N.J.S.A. 40A:14-150 where his dismissal was affirmed. This appeal followed.
On December 14, 1983, plaintiff was notified in writing that he was suspended without pay pending the preparation and execution of disciplinary charges against him. Subsequently, he was served with a notice of hearing and a six count complaint stating grounds for the disciplinary action. After two hearings, the Mayor and Council, acting as the disciplinary board, found plaintiff guilty of the first five counts for which he was suspended from the police department for one year. He was also ordered to undergo a psychological examination as a condition to returning to active duty.
A hearing on the sixth count of the complaint was continued pending determination by the Superior Court, Chancery Division, Family Part, as to whether certain evidence arising out of a juvenile matter involving plaintiff's son could be released and used in the prosecution of plaintiff on that charge. On March 2, 1984 the Superior Court permitted some of the evidence to be released for use against plaintiff. On April 25, 1984, after a hearing before the Mayor and Council, plaintiff was found guilty of the sixth count which charged him with interfering with an ongoing criminal investigation. As a result, plaintiff was dismissed from the police department. On appeal to the Superior Court, Law Division pursuant to N.J.S.A. 40A:14-150 *22 the trial judge affirmed the determinations of the Mayor and Council on all counts. Plaintiff appealed to this court. We reverse and remand.
On appeal plaintiff contends that: (1) the trial court erred in denying his application to introduce supplemental testimony on the trial de novo; (2) the composition of the disciplinary board was in violation of N.J.S.A. 40A:14-118 as well as the Borough ordinance establishing the police department rules and regulations; (3) he was denied a fair and impartial hearing on the charges; (4) the department rules and regulations allegedly violated by him are unconstitutionally vague and overbroad, and at any rate were erroneously applied; (5) under the facts and circumstances presented, his one year suspension and subsequent dismissal were excessive, and (6) the sixth count of the complaint is barred by laches and is not supported by the evidence.
In our view the trial judge erred in denying plaintiff's application to introduce additional testimony on the de novo hearing on the record and the Mayor and Council erred in hearing the disciplinary charges against plaintiff. We therefore need not review the detailed charges nor consider the remaining issues presented by plaintiff.
The charges were brought against plaintiff by Robert L. Toughill, Acting Chief of Police for Glassboro. The Mayor and Borough Council heard the charges as a body and dismissed the plaintiff from the police force. Since the Borough of Glassboro has not adopted the Civil Service Act, N.J.S.A. 11:20-1 to 11:20-8, plaintiff, pursuant to N.J.S.A. 40A:14-150, appealed to the Superior Court, Law Division. That statute provides:
40A:14-150. Review of disciplinary conviction in non-civil service municipalities
Any member or officer of a police department or force in a municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in operation, who has been tried and convicted upon any charge or charges, may obtain a review thereof by the Superior Court. Such review shall be obtained by serving a written notice of an application therefor upon the officer or board whose action is to be reviewed within 10 days after written notice to the member or officer of the conviction. The officer or board shall transmit to the court a copy of the *23 record of such conviction, and of the charge or charges for which the applicant was tried. The court shall hear the cause de novo on the record below and may either affirm, reverse or modify such conviction. If the applicant shall have been removed from his office, employment or position the court may direct that he be restored to such office, employment or position and to all his rights pertaining thereto, and may make such other order or judgment as said court shall deem proper.

Either party may supplement the record with additional testimony subject to the rules of evidence. [Emphasis supplied to indicate amendment by L. 1981, c. 75, § 6].
Under this statute, the Superior Court sits as a special statutory tribunal, "and not by reason of any constitutional or inherited common law jurisdiction." Romanowski v. Brick Tp., 185 N.J. Super. 197, 201 (Law Div. 1982), aff'd o.b. 192 N.J. Super. 79 (App.Div. 1983); Wildwood v. Neiman, 44 N.J. Super. 209, 212 (App.Div. 1959). On appeal to the Superior Court, the trial judge denied a motion by the plaintiff to supplement the record with additional testimony and held "that plaintiff had ample opportunity to fully present his case and build a complete record before the Council, but for tactical reasons, he chose to withhold some testimony until the hearing before [the Superior Court]." In his written opinion, affirming the dismissal by the Mayor and Council, the trial judge concluded that
The court wholeheartedly agrees with the Borough Council's position that if this testimony were permitted at this stage of the proceedings, the court would be aiding plaintiff to make a mockery of the hearings before the Council; litigants in plaintiff's position would be able to render such hearings useless by cleverly maneuvering to hold back testimony. It is clear that N.J.S.A. 40A:14-150 was never intended to produce such a result. Rather, as the Council pointed out, that statute is meant to aid a litigant whose proffered evidence is wrongfully excluded by a governing body. Under the Statute, the court can hear such evidence without the necessity for a time-consuming remand.
The Mayor and Council contend that the "statute was to permit police officers to supplement the municipal hearing record with additional testimony which was either unavailable at the time of the initial hearing or was newly discovered." They further submit that: "To hold otherwise would create an intolerable situation. Police officers would contemptuously hold back evidence at the original hearing, in anticipation of the `main event' at the Superior Court level."
*24 In 1981 the Legislature amended the statute by inserting the underscored terms "on the record below" and "Either party may supplement the record with additional testimony subject to the rules of evidence." The source statute of N.J.S.A. 40A:14-150 is R.S. 40:47-10, N.J.S.A., which was first enacted in 1935. The sponsor's statement to this statute which originally authorized a trial de novo in municipal police disciplinary actions stated:
The object of this act is to provide redress for members of the police department who are discharged for political reasons. In some of the smaller municipalities of the State, the officer or board who tries members of the police department for infraction of the rules are often the very men who make the charges against them and are prejudiced. The officer does not get a fair trial and there is no redress. At present, a certiorari may be taken if allowed, to the Supreme Court, but the Supreme Court will not review the evidence in the case except to find if there is the slightest evidence against the accused, then in that event the Supreme Court will not interfere with the case notwithstanding that the great preponderance of evidence may be in his favor. Under the present bill this injustice will be done away with and policemen will have the right in case he feels that he is dealt with by a prejudiced official to have a new trial before an impartial judge. [Emphasis supplied]
This act does not apply where the Civil Service Act has been adopted.
See In re Disciplinary hearing of Bruni, 166 N.J. Super. 284, 289 (App.Div. 1979). Despite a series of revisions to the statute as originally enacted, "it is clear that the intent of the Legislature remains to provide policemen in non-Civil Service communities with an independent tribunal for the review of disciplinary actions." Ibid. Under the 1981 amendment, the right of a police officer in a non-civil service community to a de novo hearing and the right to supplement the record has been acknowledged. Romanowski v. Brick Tp. supra, 185 N.J. Super. at 204. The Senate County and Municipal Government Committee Statement, Comment, N.J.S.A. 40A:9-25 (1985 Supp.) expresses the purpose of the act:
Senate Bill 1412 would make more uniform the statutory provisions concerning the discharge of employees in counties and municipalities not operating under Title 11 (Civil Service).
The bill would provide for a period of not less than 10 days nor more than 30 days after a complaint is served during which a hearing would be held on the complaint. The bill also provides that the Superior Court has jurisdiction to *25 review the determination de novo on the record; and that either party may supplement the record with additional testimony subject to the rules of evidence.
The Senate committee amendments, proposed by the sponsor, conform the provisions of N.J.S.A. 40A:14-19 and 40A:14-147 to this uniform procedure.
In addition, Governor Byrne's message on signing the Bill into law provided:

S-1412, Sponsored by Senator James S. Cariero (R-Cumberland), which provides greater uniformity in the procedures governing the discharge of county and municipal employees not protected by Civil Service (Title 11).

The procedure is now similar to that governing Civil Service municipal and county employees. [Emphasis supplied]
On a hearing de novo the appellate tribunal has the right to review the record and make its own findings of fact and conclusions based upon the record below. Evesham Township Bd. of Adj. v. Evesham Township, 86 N.J. 295, 299-302 (1981) and is not restricted to the "abuse of discretion test," Romanowski, 185 N.J. Super. at 204. The latter test requires a finding by the appellate tribunal that the decision by the agency below was "arbitrary, capricious or unreasonable" or it is not "supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980); see Kessler v. Bowker, 174 N.J. Super. 478, 489 (App. Div. 1979), certif. den. 85 N.J. 99 (1980).
Appeals before the Civil Service Commission (Commission) are conducted as hearings de novo. Borough of East Paterson v. Department of Civil Service, 47 N.J. Super. 55 (App.Div. 1957). The Commission has the power to modify the disciplinary action taken by an appointing authority against an employee who is a civil service employee even where the only issue is the propriety of the penalty imposed below. West New York v. Bock, 38 N.J. 500 (1963); Sabia v. Elizabeth, 132 N.J. Super. 6 (App.Div. 1974). Under the Civil Service Act, N.J.S.A. 11:25-1, 4 and N.J.S.A. 11:22-38 and 39, a "discharged patrolman [is given a] complete and plenary review of his dismissal." Wildwood v. Neiman, supra, 44 N.J. Super. at 213. At a hearing de novo before the Commission concerning the *26 discharge of a public employee, all relevant testimony may be introduced; it is not a new hearing on the record but a new plenary hearing at which all relevant evidence and testimony is presented. Appeal of Darcy, 114 N.J. Super. 454, 459 (App. Div. 1971). If the Commission must weigh testimony and pass on credibility and impressions as to candor and forthrightness, it should have the advantage of seeing and hearing the witnesses. City of Newark v. Massey, 93 N.J. Super. 317, 320 (App. Div. 1967); see Tp. of Moorestown v. Armstrong, 89 N.J. Super. 560 (App.Div. 1966), certif. den. 47 N.J. 80 (1966).
Confusion seems to set in because of the Legislature's addition of the words "on the record" coupled with the phrase that "[e]ither party may supplement the record with additional testimony subject to the rules of evidence." The phrase modifies the term "de novo" which means to consider anew, afresh, for a second time. Housing Authority of Newark v. Norfolk Realty Co., 71 N.J. 314, 326 (1976); Houman v. Pompton Lakes, 155 N.J. Super. 129 (Law Div. 1977). There can be no question but that the source statute to N.J.S.A. 40A:14-150 was to afford a public employee not under civil service with a "new trial." See Sponsor Statement, supra. Further, the purpose of the 1981 amendment was "to make more uniform the statutory provisions concerning the discharge of employees in counties and municipalities not operating under Title 11 (Civil Service)," see Legislative History, supra, and to establish a "procedure ... similar to that governing Civil Service municipal and county employees." Governor Byrne's Statement, supra. Under the history and purpose of N.J.S.A. 40A:14-150 and its amendments the right of a non-civil service municipal employee parallels the right to a new hearing with one exception, i.e., that the second hearing is on the record but that either party may supplement[1] the record with additional testimony. The *27 obvious purpose of the amendment is to encourage a de novo trial on the record below but at the same time to permit additional testimony at the hearing in the same manner that testimony is adduced on an appeal to the Commission by a public employee in a municipality governed by the Civil Service Act. Since the original charges may not be amended at a trial de novo so as to include new charges, Ho-Ho-Kus v. Menduno, 91 N.J. Super. 482, 487-488 (App.Div. 1966), citing West New York v. Bock, supra 38 N.J. at 522, "on the record" may be interpreted to mean that the parameters of the "new" trial and issues to be heard are restricted to the formal charges initially preferred against the police officer before the disciplinary board.
We hold that N.J.S.A. 40A:14-150 was enacted for the benefit of public employees not subject to civil service to provide them with protection from arbitrary, unreasonable, biased or prejudicial action of the municipal officials by providing a right to a de novo hearing on the conviction of the charges of breach of discipline and sentence imposed. The amendment to the statute does not limit de novo hearings to the record before the disciplinary board but specifically permits a party to supplement the record with "additional testimony" at the de novo hearing. The trial judge erred in precluding plaintiff from presenting additional testimony at the hearing before the Superior Court, Law Division.
While the trial judge did not pass upon the issue of whether the Mayor and Council followed the statutory procedure or the procedure established in the Glassboro ordinance concerning the procedure on disciplinary charges, nevertheless, from a review of the transcript, plaintiff did raise this issue.
Plaintiff submits that the Mayor and Council are not the proper authorities to hear a disciplinary action against a police officer under N.J.S.A. 40A:14-147. He further contends that pursuant to § 2:5.1c of the ordinance entitled "Establishment of the Glassboro Police Department Rules and Regulations," the *28 Mayor and Council have no authority to try a police officer charged with misconduct. The Mayor and Council contend that pursuant to N.J.S.A. 40A:14-118 the "Mayor and Council has (sic) designated itself as the proper tribunal to hear disciplinary actions against a police officer for misconduct." We find nothing in the ordinance to support this contention. Section 2:5.1c of the ordinance establishing the rules and regulations for the police department provides:
2:5.1 CHIEF OF POLICE AUTHORITY AND RESPONSIBILITIES. The chief of police shall be the head of the department and shall be the final department authority in all matters of policy, operations, and discipline, and shall:
* * * * * * * *
(c) Establish procedures for the hearing and determination of charges of violation of department rules and regulations by any member of the police force, provided that a member may be fined, reprimanded, removed, suspended, or dismissed from the force only on written charges made or preferred against him, after such charges have been examined, heard, and investigated by the director, or by a board of discipline selected from among the members of the police force, upon such reasonable notice to the member charged, and according to such practice, procedure, and manner as may be prescribed by rules and regulations of the department.
The ordinance makes no reference to the Mayor and Council as a hearing tribunal; it requires that a member of the police department may be fined, reprimanded, removed, suspended, or dismissed on the written charges but only after the written charges "have been examined, heard, and investigated by the director, or by a board of discipline selected from among the members of the police force." (emphasis supplied).
Nor, does the reference to the word "director," as contended by plaintiff, refer to the chief of police. The term "director" is not defined in the ordinance but could refer only to the Director of Public Safety. Since the chief of police is referred to in that capacity throughout the ordinance the term "director" cannot, as contended by plaintiff, refer to the "Director of Police." While an ordinance may designate the chief of police as the hearing officer, see Ferrari v. Melleby, 134 N.J. Super. 583 (App.Div. 1975), nothing contained in the ordinance or N.J.S.A. 40A:14-118 designates the chief of police as the authority to act *29 as a hearing officer in police disciplinary matters. See Gauntt v. City of Bridgeton, 194 N.J. Super. 468, 490 (App.Div. 1984). As noted in Gauntt, ibid, N.J.S.A. 40:69A-43(d) provides that "[d]epartment heads may ... with approval of the mayor, remove [subordinate officers and employees within their respective departments] subject to the requirements of Title 11, the Civil Service Act if adopted and if not subject to other applicable law."
The Mayor and Council contend that the "history behind the enactment of [N.J.S.A. 40A:14-118] clearly indicates that a municipal governing body is an `appropriate authority' to act as a tribunal in determining the guilt or innocence of a police officer charged with misconduct." We disagree.
Prior to the 1981 amendment, under N.J.S.A. 40A:14-118 the office of chief of police derived no power or authority directly from the statute but rather, "his powers were derivative in the sense that they were to be found in the ordinances, resolutions, rules and regulations adopted and promulgated by the governing body in the exercise of its broad statutory responsibility." Gauntt at 480-481; Smith v. Tp. of Hazlet, 63 N.J. 523, 526-527 (1973). Accord, Gauntt, 194 N.J. Super. at 480-481.
The amended Act clarifies the responsibility for the conduct of the municipal police officers and defines a line of authority by providing for the duties and responsibilities of chief of police where that position is established by the municipal governing body. See Assembly Judiciary, Law, Public Safety and Defense Committee Statement, Senate No. 1243 L. 1981, c. 266; N.J.S.A. 40A:14-118 (1985 Supp.). The amendment requires that any ordinance "shall provide that the chief of police, if such position is established, shall be the head of the police force and that he shall be directly responsible to the appropriate authority for the efficiency and routine day-to-day operations [of the police force]." The authority and duties of the chief are then defined. The Act further provides:
* * * * * * * *

*30 As used in this section, "appropriate authority" means the mayor, manager, or such other appropriate executive or administrative officer, such as a full-time director of public safety, or the governing body or any designated committee or member thereof, or any municipal board or commission established by ordinance for such purposes, as shall be provided by ordinance in a manner consistent with the degree of separation of executive and administrative powers from the legislative powers provided for in the charter or form of government either adopted by the municipality or under which the governing body operates.
Except as provided herein, the municipal governing body and individual members thereof shall act in all matters relating to the police function in the municipality as a body, or through the appropriate authority if other than the governing body.
Nothing herein contained shall prevent the appointment by the governing body of committees or commissions to conduct investigations of the operation of the police force, and the delegation to such committees or commissions of such powers of inquiry as the governing body deems necessary or to conduct such hearing or investigation authorized by law. Nothing herein contained shall prevent the appropriate authority, or any executive or administrative officer charged with the general administrative responsibilities within the municipality, from examining at any time the operations of the police force or the performance of any officer or member thereof. In addition, nothing herein contained shall infringe on or limit the power or duty of the appropriate authority to act to provide for the health, safety or welfare of the municipality in an emergency situation through special emergency directives.
The amended statute is not self-executing. The "appropriate authority" means an individual or a group of individuals "as shall be provided by ordinance." As stated in the Assembly, etc. Statement, supra,
Each municipality having a police force [is] required to establish a line of authority relating to the police function and to designate an "appropriate authority" which may be the mayor, manager or governing body, depending on the form of municipal government. The "appropriate authority" shall adopt rules and regulations for the government of the police force which the chief of police shall be subject to. [Emphasis supplied].
The Mayor and Council of the Borough of Glassboro have failed to implement the amended statute. Section 2:5.1(c) of the ordinance concerning the "Establishment of the Glassboro Police Department Rules and Regulations" established authority to examine, hear and investigate charges against a police officer in "the director or by a board of discipline selected from among the members of the police force." The Mayor and *31 Council were without authority under the ordinance to conduct the disciplinary hearing under which plaintiff was dismissed.
In view of our determination it is unnecessary to consider the remaining issues raised by plaintiff.
The judgment of the Superior Court, Law Division affirming the determination by the Mayor and Council of the Borough of Glassboro sitting as a disciplinary board and the dismissal of plaintiff by the Mayor and Council is reversed. The matter is remanded to the Mayor and Council for proceedings consistent with the requirements of the procedures in the ordinance for the "Establishment of the Glassboro Police Department Rules and Regulations" or any amendments thereto. We do not retain jurisdiction.
NOTES
[1] Supplement  (1) something that completes or makes an addition. Websters Ninth New Collegiate Dictionary (1984).