220 N.J. Super. 267 (1987)
531 A.2d 1087
IN RE THE DISCIPLINARY PROCEEDINGS IN THE TOWNSHIP OF WESTAMPTON AGAINST POLICE OFFICER EDWARD BALDINGER.
Superior Court of New Jersey, Law Division Burlington County.
Decided April 10, 1987.
*268 John E. Harrington for Township of Westampton (Schlesinger, Schlosser, Foy & Harrington, attorney).
James Logan, Jr. for Edward Baldinger.
HAINES, A.J.S.C.
Edward Baldinger, a patrolman in the Township of Westampton, County of Burlington, was subjected to disciplinary proceedings initiated by the Westampton Township Committee. A hearing officer and a special prosecutor were appointed by the Committee for the purpose of conducting the disciplinary hearing. Most of the charges against Baldinger were sustained and penalties, consisting of a 120 day suspension without pay followed by a one year period of probation, were recommended and imposed. Baldinger now appeals.
His initial argument is that the governing body had no authority to conduct the disciplinary hearing. He is correct. The proceedings below were not authorized by proper legislation and are a nullity. The matter must be remanded for further appropriate action.
N.J.S.A. 40A:14-118 provides in pertinent part as follows:
The governing body of any municipality, by ordinance, may create and establish, as an executive and enforcement function of municipal government, a police force.... Any such ordinance shall ... provide for a line of authority relating to the police function and for the adoption and promulgation by the appropriate authority of rules and regulations for the government of the force and for the discipline of its members. The ordinance may provide for the appointment of a chief of police and such members, officers and personnel as shall be deemed necessary, ... the prescription of their powers, functions and duties, all as the governing body shall deem necessary for the effective government of the force. Any such ordinance, or rules and regulations, shall provide that the chief of police, if such position is established, shall be the head of the police force and that he shall be directly responsible to the appropriate authority for the efficiency and routine day to day operations thereof, and that he shall, pursuant to policies established by the appropriate authority:

*269 a. Administer and enforce rules and regulations and special emergency directives for disposition and discipline of the force and its officers and personnel;
....
e. Report at least monthly to the appropriate authority in such form as shall be prescribed by such authority on the operation of the force during the preceding month, and make such other reports as may be requested by such authority.
As used in this section, "appropriate authority" means the mayor, manager, or such other appropriate executive or administrative officer, such as a full time director of public safety, or the governing body or any designated committee or member thereof, or any municipal board or commission established by ordinance for such purposes, as shall be provided by ordinance in a manner consistent with the degree of separation of executive and administrative powers from the legislative powers provided for in the charter or form of government either adopted by the municipality or under which the governing body operates.
Except as provided herein, the municipal governing body and individual members thereof shall act in all matters relating to the police function in the municipality as a body, or through the appropriate authority if other than the governing body.
The Assembly Judiciary, Law, Public Safety and Defense Committee Statement accompanying this legislation (Senate No. 1243-L. 1981, c. 266) states: "Each municipality having a police force would be required ... to designate an `appropriate authority' which may be the mayor, manager or governing body, depending on the form of municipal government. The `appropriate authority' shall adopt rules and regulations for the government of the police force which the chief of police shall be subject to."
It is apparent from the record in this case, that the Township Committee of Westampton Township has never designated an "appropriate authority" pursuant to this legislation and has not provided any disciplinary machinery of the kind used here. It is equally apparent that the Chief of Police, contrary to Baldinger's contentions, cannot be the "appropriate authority" or the hearing officer.
N.J.S.A. 40A:14-118 requires an "appropriate authority" to be established by ordinance. Westampton's Police Manual was *270 adopted by ordinance on January 19, 1984. No mention is made in the ordinance adopting the Manual or in a later amending ordinance or in the manual itself of any "appropriate authority." No other legislation dealing with the police force has been adopted. The Manual does provide:
Sec. 2:3-1:
A Chief of Police shall be the head of the department and shall be the final department authority in all matters of policy, operations and discipline, and shall:
....
(b) Make, administer and enforce rules and regulations for the control, disposition and discipline of the department and of its officers and employees.
....
5:3 DEPARTMENT AUTHORITY TO DISCIPLINE
Within the limitations set forth in N.J.S.A. Title 40 & 40A:14-147 to 151, inclusive, and municipal ordinance, (sic), the department disciplinary authority and responsibility rests with the Chief of Police. Except for review and counciling (sic) and emergency suspensions, department discipline must be taken or approved by the Chief of Police.
Baldinger relies upon these provisions in arguing that the disciplinary hearing should have been conducted by the Chief of Police.
It is apparent that the Chief of Police could not be the "appropriate authority" under the statute. It provides that "he shall be directly responsible to the appropriate authority," shall act "pursuant to policies established by the appropriate authority" and shall "report at least monthly to the appropriate authority." Obviously, he cannot be responsible to himself as the "appropriate authority"; the Legislature could not have expected that he would be pursuing policies established by himself as the "appropriate authority"; and, finally, the Legislature could not have intended that he report to himself as the "appropriate authority." Further, the statute does not include the Chief of Police in its definition of "appropriate authority." The statute provides that the term "appropriate authority ... *271 means the mayor, manager, or such other appropriate executive or administrative officer, such as a full time director of public safety, or the governing body or any designated committee or member thereof, or any municipal board or commission established by ordinance for such purposes...." The Assembly Committee statement says that an "appropriate authority ... may be the mayor, manager or governing body...." The Chief of Police therefore is not included in the language of the statute or the statement.
The Chief of Police could conduct a disciplinary hearing if so authorized by the ordinance, rules and regulations adopted by the municipality or, perhaps, "pursuant to policies established by the appropriate authority." Grasso v. Glassboro, 205 N.J. Super. 18 (App.Div. 1985); Ferrari v. Melleby, 134 N.J. Super. 583 (App.Div. 1975); but see Gauntt v. Bridgeton, 194 N.J. Super. 468, 490 (App.Div. 1984). The difficulty is that no "appropriate authority" has ever been established by ordinance, as required by the statute.
The Westampton Township Code does provide, in Section 10-36 that:
Any member of the [Police] Department who has been convicted of any violation of any of the rules or regulations of such Department by the Township Committee of the Township of Westampton may appeal such conviction in the manner provided by law.
Section 10-37 of the Code also provides that:
Any member of the Police Department of the Township of Westampton shall be subject to.... [discipline] according to the gravity of the offense by the Township Committee....
The Township argues that these provisions must be read as authorizing the hearing which took place in the disciplinary action against Baldinger. Again, however, no ordinance provides for the statutorily required "appropriate authority" and the Code provisions, even if read as the Township argues, are of no effect since they amount to "rules and regulations which must be promulgated by the "appropriate authority" according to the statute.
*272 The governing body, could name itself as the "appropriate authority" or could name itself as the body to hear disciplinary cases. Perhaps it could occupy both positions if that arrangement would not violate separation of powers rules. In any event, Westampton legislation contains no such provisions and furthermore, does not provide for a hearing of any kind in a disciplinary action. Nor does it provide for any delegation of the hearing responsibility, thus raising questions concerning the appointment of a hearing officer for the Baldinger proceeding. Indeed, delegation of the hearing function by the governing body, if it were to authorize itself to conduct disciplinary hearings, would appear to be prohibited by the statutory provision which requires that it "shall act in all matters relating to the police function in the municipality as a body or through the appropriate authority if other than the governing body."
The ordinance amending the Westampton Code provides for amendments of police rules and regulations by resolution adopted by the Township Committee. This technique seems to be permissible if the Township Committee is the "appropriate authority" designated by municipal ordinance. The statute says that the ordinance creating the police force shall "provide ... for the adoption and promulgation by the appropriate authority of rules and regulations for the government of the force and for the discipline of its members."
N.J.S.A. 40A:14-118 requires municipalities to implement its provisions. Implementation is mandatory if a police force is to be created. Absent implementation disciplinary proceedings have no validity. Grasso. That is the problem here. Westampton has not properly implemented the statute. The recommendations of the hearing officer and the decision of the Township Committee are therefore set aside and the matter remanded to the Township of Westampton for such further action as it deems appropriate in accordance with law.
Baldinger's request for an allowance of counsel fees and costs pursuant to N.J.S.A. 40A:14-155 is denied without prejudice *273 to its renewal. The statute permits such allowances if the disciplinary proceeding is "dismissed or finally determined in favor of the ... officer." The present proceedings have not achieved finality.