MICHAEL F. KEARINS, DIRECTOR OF DEPARTMENT OF PUBLIC SAFETY OF THE CITY OF HOBOKEN, EDWARD A. MULLEN, DEPUTY DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE CITY OF HOBOKEN, AND BOARD OF COMMISSIONERS OF THE CITY OF HOBOKEN, NEW JERSEY, PROSECUTORS, v. HONORABLE AUGUST ZIEGENER, JUDGE OF THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF HUDSON, AND WILLIAM H. GILFERT, CLERK OF THE COURT OF COMMON PLEAS AFORESAID, AND JOSEPH QUINN, DEFENDANTS.

Submitted October 1, 1946—Decided January 13, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the prosecutors, *John J. Fallon.*

For the defendant Joseph Quinn, *Walter R. Gottschalk.*

The opinion of the court was delivered by

EASTWOOD, J. The defendant, Joseph Quinn, a patrolman in the police department of the City of Hoboken, was, on January 14th, 1946, convicted at a hearing before the Deputy Director of Public Safety of said municipality of violation of departmental rules and regulations in two particulars,

viz.: (a) becoming intoxicated while on duty, and (b) indulging in intoxicants while in uniform * * * to an extent unfitting him for police duty.

The charges of misconduct preferred by Edward Kearins, a captain of the police department, alleged that the violations of said police regulations occurred on January 1st, 1946. Quinn, under the authority of R. S. 40 :47–10, N. J. S..A., appealed from his conviction to the Hudson County Court of Common Pleas, where his conviction was reversed on the ground that it was not supported by the proofs. The matter is now before this court on a writ of certiorari, issued on the petition of the prosecutors, to review the judgment of the Pleas. It is now argued by the prosecutors that the evidence sustains the charges that the defendant Quinn, because of his failure to offer evidence in his own defense at the hearing before the Deputy Director of Public Safety thereby lost his right of appeal to the Pleas, and that the Pleas erred in reversing the conviction.

In cases such as that under consideration, it is required, by virtue of the provisions of R. S. 2 :81–8, N. J. S. A., that there be an independent finding of fact in this court, notwithstanding a trial de novo was held in the Pleas. We are called upon to review the facts as well as the law. Mullen et al. v. Ziegener et al., 134 N. J. L. 207; 46 Atl. Rep. (2d) 783.

We find that there is no merit to the prosecutors' contention that defendant Quinn's failure to offer evidence in his own behalf at the hearing before the Deputy Director of Public Safety resulted in a loss of his right of appeal to the Pleas. Defendant Quinn was entitled to his appeal regardless of the proofs submitted at the original hearing. R. S. 40 :47–10, N. J. S. A., provides for such an appeal and very clearly directs the Pleas to "retry such charge or charges de novo * * *," and "Each party to the appeal shall have the usual right to subpoena witnesses * * *." It is obvious and leaves no room for argument that it was the duty of the Pleas to retry the charges de novo, and either affirm or reverse such conviction.

We hold that the conviction of the defendant Quinn by the Deputy Director of Public Safety is not sustained by the proofs, and that the Pleas properly reversed. The evidence reveals that Quinn reported at his police headquarters at 8:05 P. M. on the night in question, being five minutes late; that Captain Kearins observed Quinn slouched over the rail; asked him if he had been drinking, and noticing that his eyes were blinking, ordered him into the back room to await a medical examination to determine whether he was intoxicated. Dr. Joseph Londrigan made such an examination and testified that Quinn talked incoherently, was unsteady in his gait, that his eyes blinked, and that he swayed when he subjected him to the Romberg test; that his blood pressure was normal; that he requested Quinn to accompany him to a hospital for a blood test, but that Quinn refused to undergo such blood test at the hospital, although Quinn stated that he was willing to submit to it, if Dr. Londrigan wanted him to, but that he (Quinn) was not asking for it. Dr. Londrigan thereupon pronounced Quinn to be under the influence of intoxicating liquor and unfit for police duty. Several other police officers present at the police station corroborated Captain Kearin's testimony. Quinn testified that he was not under the influence of intoxicating liquor, although he admitted that he had had two highballs at his home before reporting at the police station; that he had been doing several hours extra duty every day for a considerable length of time, and was suffering from fatigue. Quinn's wife testified that she saw her husband when he left their home to go to police headquarters; likewise when he returned home following his suspension. Other witnesses testified similarly, including fellow policemen, who saw and talked with Quinn the same night following his suspension. All of these witnesses testified that Quinn, in their opinion, was not under the influence of intoxicating liquor. It is interesting to note that Quinn walked without assistance from the police station out to the police car that conveyed him to the hospital, then into the hospital, out again from the hospital to the car, and then into the police station again. If Dr. Londrigan was

satisfied that Quinn was intoxicated, we fail to perceive why he deemed it necessary to subject Quinn to a blood test, and it is significant that Dr. Londrigan did not conclude that Quinn was intoxicated until Quinn's alleged refusal to submit to a blood test.

From a full review of the facts, we are convinced that the prosecutors did not preponderate in the proofs of the charges against Quinn, and that the Hudson County Court of Common Pleas was justified in setting aside the conviction.

The order appealed from will, therefore, be affirmed, with costs.