See also *Colozzi v. Bevko, Inc.,* 17 *N. J.* 194, 203 (1955); *Schnitzer & Wildstein, N. J. Rules Serv.* AIV–386.

We direct that the guardian *ad litem* make the proper motion before the trial court in order to conform the allegations and prayers for relief in the petition to the proofs adduced and to the issues encompassed by the judgment.

Remanded for action not inconsistent with this opinion.

JOSEPH P. VALONIS, PLAINTIFF-APPELLANT, v. THE MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF CINNAMINSON, A MUNICIPAL CORPORATION IN THE COUNTY OF BURLINGTON AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 2, 1959—Decided March 23, 1959.

Before Judges Price, Schettino and Gaulkin.

*Mr. C. Zachary Seltzer* argued the cause for plaintiff-appellant (*Mr. Salvatore J. Avena,* attorney).

*Mr. Robert W. Criscuolo* argued the cause for defendants-respondents (*Messrs. Parker, McCay and Criscuolo,* attorneys).

The opinion of the court was delivered by

SCHETTINO, J. A. D.   Appeal is taken by plaintiff from the granting of defendant's motion to dismiss proceedings in lieu of prerogative writ for lack of jurisdiction by the Superior Court, Law Division.   That court held that plaintiff should have proceeded by appeal to the County Court under *N. J. S. A.* 40:47–10 and, as plaintiff did not exhaust his remedies by such an appeal, the court lacked jurisdiction. On appeal plaintiff contends that the Superior Court had jurisdiction by a proceeding in lieu of prerogative writ to grant relief, and that plaintiff was not required to exhaust his remedies by an appeal to the County Court.   Plaintiff further argues that if the Law Division felt it had no jurisdiction, it should have on its own motion transferred the matter to a court that had jurisdiction.   Finally, plaintiff contends that it was denied due process in the proceedings before the township committee.

Initially, we consider plaintiff's argument that even if the Superior Court lacked jurisdiction, it should not have dismissed the case but rather it should have transferred the matter to the County Court on its own motion.

Plaintiff was dismissed from his position as a police officer in Cinnaminson Township by a 3–2 vote of the township committee on August 12, 1957.   His complaint in the Superior Court action was filed on August 22, 1957.   *N. J. S. A.* 40:47–10 provides for a ten-day period within which an appeal may be taken to the County Court.   Therefore, the time factor is no limitation upon a transfer pursuant to *R. R.* 1:27D.   That rule provides, in part:

"(a) Except as elsewhere provided in these rules, and subject to the right to be prosecuted by indictment, where any court of this

State is without jurisdiction of the subject matter of an action, issue or cause, it shall, on motion or on its own initiative, order the action or cause, with the record and all papers on file, transferred to the proper court for determination; and the action or cause shall then be proceeded upon as if it had been originally commenced in the proper court."

We are informed that when defendant in its answer to the complaint stated that plaintiff's remedy was by appeal to the County Court, plaintiff did then (on September 22, 1958, well out of time) initiate an appeal to the County Court but thereafter withdrew it. He gave as his reason for proceeding in the Superior Court instead of the County Court that it was his understanding that an appeal to the County Court would not have afforded him the proper remedy in that it would be a waiver of any defect in the proceedings and a consent to the jurisdiction of the township committee and the County Court. Plaintiff alleged that the township committee lacked jurisdiction to dismiss him in that, *inter alia,* no charges were served upon him. But such an appeal would not have operated as a waiver of all of the alleged defects in the proceedings before the township committee. (Compare, however, *R. R.* 3:10–10(*b*); *State v. Bierilo,* 38 *N. J. Super.* 581, 584 (*App. Div.* 1956); *State v. Hulsizer,* 42 *N. J. Super.* 224, 228 (*App. Div.* 1956), dealing with appeals from the municipal courts.) We hold that the matter should have been transferred to the County Court and not dismissed. See *State v. Simpkins,* 8 *N. J. Super.* 194, 198 (*App. Div.* 1950); *State v. Smith,* 6 *N. J. Super.* 85, 90 (*App. Div.* 1950).

We next consider plaintiff's contention that he need not comply with *N. J. S. A.* 40:47–10. Plaintiff was a member of the township police force. He was charged with leaving his post of duty and with disobeying orders by going to a neighboring township to assist its police department instead of tending to a certain traffic light.

Plaintiff brought this action in lieu of prerogative writ to set aside the order of dismissal of the township committee

on the grounds that the proceedings were illegal, arbitrary, unconstitutional and void because:

"[(a)] the police committee of the Township did not serve a copy of the written charges on the Township Committee as required by the ordinance of the Township; (b) because there were no written charges filed and served upon the plaintiff as required by the statute and the Township ordinance; (c) because the Township Committee did not have jurisdiction to try the plaintiff in the absence of such charges and in the absence of valid and legal grounds to support such charges; (d) because there was insufficient evidence to sustain the charges made against the plaintiff; and (e) because the Ordinance of October 26, 1954, under which the alleged charges were brought was illegal, unconstitutional and void in that it created a Police Committee to investigate charges, whereas the Township Committee had no authority to delegate such powers."

The trial court held that *N. J. S. A.* 40:47–10 was dispositive. It provides, in part:

"Any member of any police department or fire department in any municipality in this State not operating under [Civil Service Act] who has been convicted of any violation of any of the rules or regulations of such departments by the official or board empowered to try members of such police department or fire department in such municipality, may obtain a review of such conviction by the County Court of the county in which such municipality is situated. Such review shall be obtained by giving written notice of an application therefor to the officer or board convicting the member of the police department or fire department within ten days after notice of such conviction is given to the member convicted. * * * The court shall retry such charge or charges *de novo* and either affirm or reverse such conviction."

Plaintiff sought to bypass the County Court by bringing this action in lieu of prerogative writ in the Superior Court under *R. R.* 4:88–1. *R. R.* 4:88–14 entitled "Exhaustion of Remedies" states:

"Except where it is manifest that the interests of justice require otherwise, proceedings under *Rule* 4:88 shall not be maintainable, so long as there is available judicial review to a county court or inferior tribunal or administrative review to an administrative agency or tribunal, which has not been exhausted."

Plaintiff seeks to avoid the impact of the statute and the rule by relying on the exceptions outlined in *Ward v. Keenan,* 3 *N. J.* 298 (1949), and subsequent cases. We consider these authorities.

In *Ward,* we note (at *pages* 308–309):

"* * * When do the interests of justice require the use of a proceeding in lieu of a prerogative writ before exhausting the remedies specified in *Rule* 3:81–14 [present *R. R.* 4:88–14]? Under the former practice there were two generally recognized exceptions to the rule: first, when the jurisdiction of the statutory tribunal was questioned on persuasive grounds a writ of *certiorari* might be allowed the challenging party *in advance of the hearing before the statutory tribunal* for the obvious reason that if the question of jurisdiction were resolved against the statutory tribunal the parties would be spared the vexation of a useless hearing; second, when the statutory tribunal had jurisdiction but the charges asserted before it were so palpably defective that its jurisdiction was merely colorable, a writ might likewise be allowed *in advance of the hearing before a statutory tribunal.*" (Emphasis added.)

*Cf. Fischer v. Twp. of Bedminster,* 5 *N. J.* 534, 542 (1950). The two exceptions outlined in *Ward v. Keenan, supra,* were not intended to be exclusive, (*Nolan v. Fitzpatrick,* 9 *N. J.* 477, 486 (1952)), and the courts are liberal when the interests of justice so demand, (*Waldor v. Untermann,* 10 *N. J. Super.* 188, 192 (*App. Div.* 1950)). In *Nolan,* the court said (9 *N. J.* at *page* 487):

"* * * In every case the court should determine whether it is in the interest of justice to dispense with the requirement that the plaintiff exhaust other judicial or administrative remedies, bearing in mind, however, that *Rule* 3:81–14 [present *R. R.* 4:88–14] itself dictates that the interest of justice is ordinarily best served by requiring the plaintiff to first exhaust his other remedies and that it is only in special circumstances that the interest of justice will require otherwise."

And in *Swede v. City of Clifton,* 22 *N. J.* 303, 315 (1956), it was said: "In New Jersey the 'exhaustion' rule is one of convenience, not an indispensable precondition * * *. It is neither jurisdictional nor absolute." All of these cases involve the problem of exhaustion of "administrative" reme-

dies and the language used may be properly so restricted. The above-quoted exceptions may not be at all applicable to a case where the statutory remedy provided is by appeal to a court of law, such as the County Court. In this connection see *Nolan v. Fitzpatrick, supra; Swede* case, *supra; Sullivan v. Roe,* 18 *N. J.* 156, 161 (1955); *Deaney v. Linen Thread Co.,* 19 *N. J.* 578, 581 (1955).

A case involving a County Court instead of an administrative agency is *Township Committee of Mt. Olive Tp. v. Vital,* 11 *N. J. Super.* 608, 610 (*Cty. Ct.* 1951), in which the court said:

"A most important part of *Rule* 3:81 [present *R. R.* 4:88] is section 14, which to my mind conclusively provides that all possible remedies in a County Court must be exhausted before a matter is taken to the Superior Court."

In *Borough of Jamesburg v. Hubbs,* 6 *N. J.* 578, 583 (1951), the court stated:

"* * * The plaintiff contends that the County Court was without jurisdiction because (1) defendant's conviction was for violation of a statute and not rules and regulations of the police department, and therefore *R. S.* 40:47–10 as amended, *supra,* does not apply, and (2) the mayor and council were acting as a legislative agent or an inferior court of limited jurisdiction in the hearing of the charges preferred against the defendant and therefore review of defendant's conviction should have been had by means of action in lieu of *certiorari* to the Law Division of the Superior Court or by means of a direct appeal to the Appellate Division of the Superior Court."

The court held that "the proper tribunal before which to test the sufficiency of the conviction of defendant is the County Court upon the appeal to that court by defendant from the determination of the Mayor and Council." (6 *N. J.* at *page* 585). It further stated (at *page* 585):

"The statutory method for review of the action of the Borough Council provided by *R. S.* 40:47–10 * * * has not been abrogated by statute nor by Rule of this Court. See *Rule* 3:81–14."

And note generally in *Evans v. Villani,* 19 *N. J. Super.* 86, 93 *(App. Div.* 1952) :

"So, although the initial discretionary allowance of the writ and the writ itself are no longer recognized in our present practice and procedure, yet the modern action is in lieu thereof, and its prosecution continues to be an extraordinary remedial procedure of a prerogative character subject to the well settled principles heretofore governing the granting of such a type of remedy. 34 *Am. Jur.* 809, *sec.* 3. *High's Extraordinary Legal Remedies* (3d ed.), *sec.* 3, 4, 5, 6, 9, 430; 38 *C. J.* 544, *sec.* 8."

The above authorities are compelling reasons for upholding the Law Division's refusal to take jurisdiction. We are in agreement with plaintiff that the township committee's proceedings were not all that they should have been but his remedy was by appeal to the County Court and not by a proceeding in lieu of prerogative writ.

As the statute (*N. J. S. A.* 40 :47–10) provides for a *"de novo"* hearing, we prefer to allow the County Court to determine the validity of plaintiff's claim of lack of jurisdiction and of due process, and, if plaintiff's argument is found to be without merit, to render a decision on the merits. This is particularly so because of the right to a *de novo* hearing before the County Court and not merely a *de novo* determination on the basis of the present record. *Kearins v. Ziegener,* 135 *N. J. L.* 119, 120 (*Sup. Ct.* 1947). *Cf. City of Passaic v. County of Passaic,* 54 *N. J. Super.* 254 (*App. Div.* 1959).

Reversed and remanded for action not inconsistent with this opinion.