91 N.J. Super. 482 (1966)
221 A.2d 228
BOROUGH OF HO-HO-KUS, PLAINTIFF-APPELLANT,
v.
WILLIAM MENDUNO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 13, 1966.
Decided June 17, 1966.
*484 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Samuel M. Lyon, Jr. argued the cause for appellant (Mr. Joseph M. Lynch, of counsel and on the brief).
Mr. Daniel Amster argued the cause for respondent.
GOLDMANN, S.J.A.D.
After a full hearing on charges, the mayor and council of plaintiff borough found defendant guilty of immorality, indecency and lewdness, and also of conduct unbecoming an officer and a gentleman, under the applicable sections of the local ordinance establishing and regulating the borough's police department. Accordingly, it terminated his employment as patrolman, effective as of the date the charges were brought. He took an appeal to the County Court under N.J.S.A. 40:47-10, the provisions of Title 11 relating to removal from service not being applicable because the borough has never adopted the Civil Service Act. The County Court judge held a trial de novo and found that the borough had failed to sustain its burden of proving by a preponderance of the credible evidence the exact specifications of the charges brought. Under the circumstances, he stated that he had no alternative but to reverse the findings of the mayor and council and order defendant returned to duty as a patrolman, with restoration of all back pay and the other rights attending his employment.
The borough attorney then moved to amend the charges to conform to the evidence, basing his application on R.R. 4:15-2 and 4:15-4. (The latter, strictly considered, applies *485 to supplemental pleadings in a civil action.) Its motion also requested that final judgment be entered in favor of the borough on the ground that upon the record filed with the court (the reference was obviously to the record of the hearing before the mayor and council), the evidence adduced before the county judge, and the requested amended pleadings, defendant was in violation of the police department ordinance. In denying the motion the judge observed that at no time during the course of the de novo trial was anything tried with consent, other than the specific charges set out in the resolution of the borough governing body terminating defendant's employment. The borough having limited its charges to specific instances and times, he concluded that it had failed to discharge its burden of proving those charges.
Plaintiff appeals the resultant judgment in defendant's favor.
We have carefully reviewed the testimony adduced before the county judge and conclude he was correct in reinstating defendant. The borough had brought charges containing exact specifications. The fact remains, however, that it failed to establish by a preponderance of the credible evidence that defendant was guilty of the offenses specifically mentioned in those charges. That is the test, no matter how critical we  like the trial judge  might be of defendant's general conduct.
The borough asks us to deal with this appeal not only on the record in the County Court but also on the transcript of the proceedings before the local governing body. It argues that under the provisions of R.R. 4:90-3, part of the rules relating to appeals from local agencies and allegedly made applicable to the County Court by R.R. 5:2-1, the transcript of testimony taken at the municipal hearing is made part of the record before the County Court. We do not agree. N.J.S.A. 40:47-10, dealing with review of a conviction of a municipal police officer for violation of departmental rules and regulations, provides for a de novo trial before the County Court: "The court shall retry such charge or charges de novo *486 and either affirm or reverse such conviction." (Italics ours) See Kearins v. Ziegener, 135 N.J.L. 119, 120 (Sup. Ct. 1947). R.R. 4:90-1 et seq., upon which plaintiff relies, relates to summary proceedings where, by statute, an appeal is allowed to the Superior Court from the decision or action of any local officer, board, body or commission other than an inferior court, or a review allowed of such decision or action, when the proceeding is not in lieu of prerogative writs. Defendant was therefore entitled to a completely de novo trial before the County Court, and not to any de novo determination on the basis of the record made before the local governing body. Valonis v. Cinnaminson Tp., 54 N.J. Super. 567, 574 (App. Div. 1959). The trial judge therefore properly refused to permit the municipal hearing transcript to be admitted in evidence. We, too, should not consider it, because our scope of review is the record made in the County Court.
The borough, in Point I of its brief, argues that defendant convicted himself of conduct unbecoming an officer and a gentleman, in violation of the police department ordinance, by (1) provoking a certain woman to a public disturbance of the peace by assaulting him; (2) provoking a second woman to another such assault in the course of a wild scene of drinking and disorder at his home at 4 A.M. of a certain day; (3) permitting her to leave immediately thereafter in her car, thus endangering those on the highways; and (4) among other things, carrying on an open and notorious relation with this woman despite the pleas and threats of the man she called her husband, and in the presence of her 14-year-old daughter. In support of its argument the borough in its brief has included references to the testimony contained in the transcript of the hearing before the borough governing body. In view of what we have said, this was highly improper because the transcript was not part of the record of the trial before the County Court.
N.J.S.A. 40:47-6 provides for the removal of a police officer for violation of the rules and regulations of the local police department. No officer may be removed except for just *487 cause, and only after written charges shall have been preferred and served upon him. The charges just listed do not comply with the statute. No charges specifying these acts of misconduct were ever drawn up and served. What we have here is an attempt by the borough to bypass the decision of the county judge, who dealt with the specific written charges that had been preferred against defendant. Furthermore, the first of the charges listed in Point I was part of the charge designated as 1(c) in the formal charges before the court, and the county judge clearly indicated that he did not believe the woman in question. The second of the listed charges was part of the formal charge designated as 2(a), which the judge found had not been proved, after specifically referring to the fact that the woman in question had repudiated her original statement as to the striking, testified she had no recollection of the event, and said she was drunk at the time. The third and fourth charges are new; they have never before this been mentioned, and should not be considered because not brought in the manner required by N.J.S.A. 40:47-6.
In Point II of its brief the borough argues that the court erred in not permitting the original charges to be amended to include acts of misconduct which had not theretofore been specifically charged, and to include acts of misconduct which, the borough claims, were put in issue at the de novo hearing.
The proceeding in the County Court was not an ordinary law action, where the pleadings in a complaint may be amended to conform to the proofs. It is a statutory proceeding, enacted by the Legislature for a specific purpose, namely, to protect a police officer from an improper conviction by the municipal authorities. N.J.S.A. 40:47-6 lays down in clear terms the guidelines for a hearing before the appropriate municipal board or authority, on specific written charges. And N.J.S.A. 40:47-10 with equal clarity sets out the guidelines for a review of municipal action by the County Court. The review is restricted to the formal charges initially preferred against the police officer. There is no authority for amending the charges at the trial de novo so as to include *488 new charges. As was said in Town of West New York v. Bock, 38 N.J. 500 (1962):
"Properly stated charges are a sine qua non of a valid disciplinary proceeding. It is elementary that an employee cannot legally be tried or found guilty on charges of which he has not been given plain notice by the appointing authority. The de novo hearing on the administrative appeal is limited to the charges made below." (at page 522)
We conclude that the County Court, in its de novo review of the conviction under N.J.S.A. 40:47-10, was restricted to a consideration and disposition of the formal specified charges initially preferred against defendant and which were heard by the borough governing body. Further, the County Court was without power to consider additional charges or to amend the original charges to conform to the proofs, absent defendant's consent.
The judgment under review is affirmed.