JAMES A. HESTER, PLAINTIFF-RESPONDENT, v. SPENCER MILLER, JR., INDIVIDUALLY AND AS STATE HIGHWAY COMMISSIONER, AND RANSFORD J. ABBOTT, AS STATE HIGHWAY COMMISSIONER, DEFENDANTS-APPELLANTS.

Argued October 1, 1951—Decided October 22, 1951.

*Mr. George H. Bohlinger, Jr.,* argued the cause for the plaintiff.

*Mr. Frank A. Mathews, Jr.,* Deputy Attorney-General, argued the cause for the defendants (*Mr. Theodore D. Parsons,* Attorney-General, attorney; *Mr. Sackett M. Dickinson,* Assistant Deputy Attorney-General, on the brief).

The opinion of the court was delivered by

OLIPHANT, J.   This appeal is from a judgment of the Superior Court, Law Division, certified here on our own motion.  It involves the seizure and attempted condemnation, for use as a nursery and for the possible erection of service buildings thereon, of the plaintiff's lands by a former State Highway Commissioner.

After the condemnation proceedings had been instituted and commissioners appointed, plaintiff began an action in lieu of *certiorari* challenging the order appointing the commissioners on the ground the highway commissioner had acted in excess of his authority and seeking damages from the commissioner personally for the trespass on his lands and his eviction therefrom.   Judge Smalley in the court below gave judgment for the plaintiff setting aside the condemnation proceedings, and gave judgment for the defendant on the issue of his personal liability.   Defendant appealed and plaintiff cross-appealed.

After judgment and pending this appeal there was enacted into law chapter 108 of the Laws of 1951, specifically giving

to the State Highway Commissioner the power to condemn the lands herein involved. The question posed, therefore, as to the commissioner's authority to condemn became academic and the appeal of the defendant should be dismissed. The State, in effect, is now seeking to have us render to it an advisory opinion on the extent of the authority of its highway commissioner to condemn. This we will not do. *Storey v. Jersey City, etc., Plankroad Co.,* 16 *N. J. Eq.* 13, at *p.* 21 (*Ch.* 1863) ; *In re Peoples B. & L. Assn.,* 129 *N. J. Eq.* 248 (*Ch.* 1941) ; *In re Margarum,* 55 *N. J. L.* 12 (*Sup. Ct.* 1892).

Dealing with the cross-appeal of the plaintiff, we are convinced under the facts here exhibited the former highway commissioner should not be held personally liable in damages. ■ Assuming that the original taking of plaintiff's lands was not supported by the legislation then existing, nevertheless the defendant was not personally liable. The rule as enunciated in *Valentine v. Englewood,* 76 *N. J. L.* 509 (*E. & A.* 1908), is that where there is no fraud or malice a public officer is exempt from civil action when called upon in behalf of the public to exercise his discretion. The court said: "It is enough if the matter is colorably, though not really within their jurisdiction. * * * The underlying reason is not the judicial character of the officer, but the judicial character of the act, and the public necessity that public agents engaged in the performance of a public duty in obedience to the command of a statute, should not suffer personally for an error of judgment which the wisest and most circumspect cannot avoid." See also *Grove v. Van Duyn,* 44 *N. J. L.* 654, 660 (*E. & A.* 1882) ; *Johnson v. March,* 82 *N. J. L.* 4 (*Sup. Ct.* 1912) ; *O'Regan v. Schermerhorn,* 25 *N. J. Misc.* 1 (*Sup. Ct.* 1946).

■ In the instant case there is not the slightest evidence of fraud or malice on the part of former Commissioner Miller, and the plaintiff admits there was none. The exhaustive briefs on this appeal clearly demonstrate that the matter involved was at least colorably within his jurisdiction.

The appeal of the plaintiff is dismissed and the judgment below in favor of the defendant as to the personal liability of the highway commissioner is affirmed.

No costs to either party.

VANDERBILT, C. J., concurring in result.

*For dismissal and affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*Opposed*—None.