756 A.2d 639 (2000)
333 N.J. Super. 592
Bryan GRUBB, Plaintiff,
v.
BOROUGH OF HIGHTSTOWN, Defendant.
Superior Court of New Jersey, Law Division, Mercer County.
Decided April 28, 2000.
*640 Deirdre K. Hartman, Moorestown, for Plaintiff (Attorneys Hartman, Chartered, attorneys).
Steven P. Goodell, Princeton, for Hightstown Borough Police Chief Kevin Hopkins (Herbert, Van Ness, Cayci & Goodell, attorneys).
FEINBERG, A.J.S.C.
I.
The issue presented in this case deals with the interpretation of a portion of N.J.S.A. 40A:14-147, "Suspension and removal of members and officers; complaint; limitation on filing; notice of hearing." The statute, amended in 1996, in pertinent part provides "the law enforcement officer may waive the right to a hearing and may appeal the charges directly to any available authority specified by law or regulation, or follow any other procedure recognized by a contract, as permitted by law." Amended by L.1996, c. 115 Section 2, eff. Jan. 9, 1997. In the case at bar, the law enforcement officer contends that he may waive the right to a hearing at the municipal level and appeal the charges directly to the Superior Court. Based on the following analysis, the court finds that N.J.S.A. 40A:14-147 does not provide for such a mechanism.
The facts and procedural history are undisputed. Plaintiff Bryan Grubb was suspended as a police officer in the Borough of Hightstown for allegedly violating police departmental regulations. These disciplinary charges stem from the same facts and circumstances that gave rise to a criminal investigation in 1995. In 1995, while a Hightstown Borough police officer, Grubb was arrested and charged with conspiracy to possess a CDS, possession of a CDS and official misconduct. On May 8, 1997, following a jury trial, Grubb was convicted of those offenses. On March 19, 1999, the Appellate Division reversed Grubb's conviction and vacated the conviction. State v. Grubb, 319 N.J.Super. 407, 725 A.2d 707 (App.Div.1999). On July 8, 1999, the Supreme Court denied the State's petition for certification. State v. Grubb, 161 N.J. 333, 736 A.2d 526 (1999).
On or about August 19, 1999, Hightstown Borough Police Chief Kevin Hopkins filed the present disciplinary charges against Grubb. The departmental disciplinary proceedings commenced before the Mayor and Borough Council on September 21, 1999. At the outset, counsel for Grubb filed a motion to dismiss the disciplinary charges based on the Borough's failure to comply with the notice requirements set forth in N.J.S.A. 40A:14-147. On September 22, 1999, the Mayor and Council denied the motion.[1] Thereafter, the parties consented to a stay of the proceedings to enable Grubb to file an appeal with the Superior Court. A complaint in lieu of prerogative writs seeking review of the decision by the Borough was filed on October 22, 1999. On March 2, 2000 the court granted the Borough's application for summary judgment and remanded the matter to the Borough for the continuation of disciplinary hearings. The court did not retain jurisdiction.
On or about March 10, 2000, Hightstown Borough appointed a hearing officer to conduct a departmental disciplinary hearing and to make recommendations to the appropriate authority for a final determination. On April 12, 2000, the day the proceedings commenced, Officer Grubb made three pre-trial motions seeking the dismissal of the charges and, relying on N.J.S.A. 40A:14-147, made application to waive his right to a departmental hearing and proceed directly to the Superior Court. That application was denied. Thereafter both sides offered opening statements and Chief Hopkins offered the testimony of Investigator Steve Weitz.
On April 14, 2000, Officer Grubb filed a complaint in lieu of prerogative writs and *641 order to show cause seeking temporary restraints against the Borough. The order to show cause sought an order (1) enjoining the continuation of hearings at the municipal level and (2) seeking a determination on the issue of waiver under N.J.S.A. 40A:14-147. According to Officer Grubb, the language in N.J.S.A. 40A:14-147 confers upon him the right to waive a hearing at the municipal level, and instead, choose to have said disciplinary charges adjudicated before the Superior Court. Not surprisingly, Chief Hopkins asserts that Officer Grubb has misread N.J.S.A. 40A: 14-147, and that there is no authority for the proposition that the statute vests original jurisdiction in the Superior Court to hear a disciplinary proceeding involving a non-civil service municipality. To support this position, Chief Hopkins relies on N.J.S.A. 40A:14-150. In essence, Chief Hopkins asserts that while N.J.S.A. 40A: 14-150 permits municipal disciplinary matters to be heard in the Superior Court, that authority is limited to the Superior Court's de novo review of these matters.
Finally, Chief Hopkins contends that, assuming arguendo, Officer Grubb enjoyed the right to a hearing before the Superior Court, once an administrative departmental hearing has commenced and the hearing officer has made procedural and substantive rulings, the parties are estopped from seeking a waiver to secure a more "favorable" forum. In support of this position, Chief Hopkins submits that great time and expense has already been expended by the Borough Council, the Chief of Police and representatives from the police department, the municipal attorney and counsel for the Chief of Police related to the preparation for and participation and attendance at the departmental hearings.
On April 14, 2000, this court denied the order to show cause but provided counsel the opportunity to submit supplemental certifications and briefs related to the jurisdiction of the Superior Court on or before April 20, 2000.

II.
N.J.S.A. 40A:14-147, entitled "Suspension and removal of members and officers," sets forth the procedures for the removal of a law enforcement officer. The statute mandates that charges be identified in a written complaint setting forth the charge or charges against such member or officer and sets forth the specific time periods to serve the officer charged. Additionally, a "failure to comply with said provisions as to service of the complaint and the time within which the complaint is to be filed shall require a dismissal of the complaint." The last paragraph of N.J.S.A. 40A:14-147 provides that:
The law enforcement officer may waive the right to a hearing and may appeal the charges directly to any available authority specified by law or regulation, or follow any other procedure recognized by a contract, as permitted by law.
In interpreting this statute, it is the court's obligation to give effect to the Legislature's intent, and "[t]he clearest indication of an Act's meaning is its plain language." County of Camden v. South Jersey Port Corp., 312 N.J.Super. 387, 396, 711 A.2d 978 (App.Div.), certif. denied, 157 N.J. 542, 724 A.2d 801 (1998) (citing National Waste Recycling, Inc. v. Middlesex County Improvement Auth., 150 N.J. 209, 223, 695 A.2d 1381 (1997)). It is wellsettled that principles of statutory construction direct the courts to look first to the plain meaning of a statute to derive the statute's meaning, absent a specific indication that legislative intent mandates an alternative reading. Town of Morristown v. Woman's Club of Morristown, 124 N.J. 605, 610, 592 A.2d 216 (1991). Unless otherwise specified or indicated, words are to be given their "ordinary and well-understood meaning." Service Armament Co. v. Hyland, 70 N.J. 550, 556, 362 A.2d 13 (1976) (citations omitted).
Based on the plain language of N.J.S.A. 40A:14-147, it is clear that a law *642 enforcement officer has the right to waive a hearing at the municipal level and appeal the disciplinary charges directly to "any available authority specified by law or regulation, or follow any other procedure recognized by a contract, as permitted by law." The question in the case at bar is whether "any available authority specified by law or regulation," includes the Superior Court.
It is undisputed that Chapter 14 of Title 40A provides the procedures regarding disciplinary charges against law enforcement officers. Chapter 14 is void of any section that vests the Superior Court with original jurisdiction to entertain a disciplinary hearing concerning a law enforcement officer, as Grubb suggests. It is hornbook law that the court cannot not read N.J.S.A. 40A:14-147 in a vacuum. See Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 129, 527 A.2d 1368 (1987) (explaining that when interpretinga statute, "[i]n discerning [Legislative] intent we consider not only the particular statute in question, but also the entire legislative scheme of which it is a part.") (citations omitted). Interestingly, N.J.S.A. 40A:14-150, "Review of disciplinary conviction in non-civil service municipalities," provides the Superior Court with jurisdiction to review a law enforcement officer's conviction on disciplinary charges in a noncivil service municipality, such as Hightstown Borough. N.J.S.A. 40A:14-150 provides, in relevant part, that:
Any member or officer of a police department or force in a municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in operation, who has been tried and convicted upon any charge or charges, may obtain a review thereof by the Superior Court.... The court shall hear the cause de novo on the record below and may either affirm, reverse or modify such conviction.
[(Emphasis added) (footnote omitted).]
This statute is clear on its face. Importantly, N.J.S.A. 40A:14-150 supports the position that the Superior Court's jurisdiction is de novo in nature and that the drafters anticipated a departmental hearing at the local level as a condition precedent to the Superior Court exercising jurisdiction. To conclude otherwise would be inapposite to the plain and unambiguous language of the statute. Furthermore, the creation of a record below and the subsequent de novo review by the Superior Court has been addressed by the Appellate Division. In Grasso v. Borough Council of Glassboro, 205 N.J.Super. 18, 500 A.2d 10 (App.Div.1985), certif. denied, 103 N.J. 453, 511 A.2d 639 (1986) the court held:
We hold that N.J.S.A. 40A:14-150 was enacted for the benefit of public employees not subject to civil service to provide them with protection from arbitrary, unreasonable, biased or prejudicial action of the municipal officials by providing a right to a de novo hearing on the conviction of the charges of breach of discipline and sentence imposed. The amendment to the statute does not limit de novo hearings to the record before the disciplinary board but specifically permits a party to supplement the record with "additional testimony" at the de novo hearing.
[Id. at 27, 500 A.2d 10 (emphasis in original).]
Based on the above, the complaint in lieu of prerogative writs is dismissed and the matter is remanded to the Borough.[2] For purposes of completeness the court rejects the estoppel issue raised by Chief *643 Hopkins. This court does not retain jurisdiction.
NOTES
[1] The court notes that two days of testimony were offered and limited to whether or not the Borough complied with the notice requirements set forth in N.J.S.A. 40A:14-147.
[2] Officer Grubb retains his right to seek a de novo review. Again, N.J.S.A. 40A:14-150, in pertinent part, provides that "[a]ny member or officer of a police department or force in a municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in operation, who has been tried and convicted upon any charge of charges, may obtain a review thereof by the Superior Court.... The court shall hear the cause de novo on the record below and may either affirm, reverse or modify such conviction." (Footnote omitted.)