885 A.2d 491 (2005)
381 N.J. Super. 233
Steven S. DEBENEDICTIS, Petitioner-Appellant,
v.
STATE of New Jersey, (Division of State Police), Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 2005.
Decided November 14, 2005.
*492 Loccke & Correia, Hackensack, attorneys for appellant (Merick H. Limsky, of counsel and on the brief).
Peter C. Harvey, Attorney General, attorney for respondent (Linda Vele Alexander, Deputy Attorney General, on the brief).
Before Judges KESTIN,[1] LEFELT and SELTZER.
The opinion of the court was delivered by
LEFELT, J.A.D.
In December 1999, State troopers engaged in a fifty-mile high speed automobile pursuit through several counties within the State with shots being fired during the pursuit. Trooper Steven DeBenedictis arrived on the scene as the suspects were being handcuffed. The Trooper lunged at one of the handcuffed suspects and dragged him along the ground until other troopers pulled DeBenedictis from the suspect. Over two years later, on July 8, 2002, the State Police served DeBenedictis with a reprimand and two-day suspension for the use of excessive force during the 1999 incident. DeBenedictis sought to grieve the reprimand pursuant to an existing collective bargaining agreement. About twenty months later, on March 29, 2004, a grievance hearing was conducted, and the two-day suspension was reduced to one day.
*493 DeBenedictis appeals, arguing that the State Police "violated the provisions of [N.J.S.A. 53:1-33] regarding the issuance of a complaint [with notice of a designated hearing] within forty-five days [and the failure] to hold a disciplinary hearing between ten and thirty days after the `complaint' was served." Because of these alleged statutory violations, the Trooper seeks dismissal with prejudice of the reprimand and one day suspension.
We reject these arguments and have divided our explanation into the following two parts. The first addresses whether the reprimand notice was timely under N.J.S.A. 53:1-33, and the second whether the Trooper's grievance request waived the statutory right to a hearing under N.J.S.A. 53:1-33.

I.
The pertinent statute, N.J.S.A. 53:1-33, governs discipline of State Troopers, and was approved in 2002. L. 2001, c. 380, § 1. Its purpose was to "provide[] to members of the State Police certain statutory protections presently enjoyed by local law enforcement officers." Assembly Law & Public Safety Committee Statement to S. 2353 (Dec. 13, 2001).
The statute mandates, in part, that "just cause" is required to suspend, remove, fine, or reduce in rank any "permanent officer or trooper of the New Jersey State Police," and "then only upon a written complaint setting forth the charge or charges against the officer or trooper." N.J.S.A. 53:1-33. The written complaint must be filed and "served upon the officer or trooper so charged," and contain "notice of a designated hearing thereon by the proper authorities." Ibid.
In this case, instead of serving the Trooper with a disciplinary complaint, the State Police filed and served a reprimand notice upon DeBenedictis. The reprimand notice imposed discipline, providing that the Trooper was "reprimanded and suspended for two (2) days for actions contrary to and in violation of Article IV, Section 3b of the Rules and Regulations of this Division." The reprimand notice continued by specifically drawing DeBenedictis's attention to the "violation of S.O.P. B22, `use of Force and Reporting Requirements', III. Mechanics: B. Use of non-deadly force." In addition to thereafter quoting the S.O.P., explaining when troopers would be justified "in using non-deadly force," the notice further provided that "[a] copy . . . [would] be filed with [DeBenedictis's] record [and that] [a]ppeals from this action [would] be processed according to the existing applicable contractual agreement and S.O.P.'s."
The reprimand notice, used in this case, thus informed the trooper of the charges and the basis for the disciplinary action taken against him and referenced certain appeal rights. It is obvious that the trooper understood the appeal rights because he promptly initiated a grievance proceeding. In our view, the reprimand notice was tantamount to a complaint under the statute, which was sufficient to activate the time-frame protections contained within the statute.
Besides requiring a written complaint, N.J.S.A. 53:1-33 also sets forth a time limit for filing the complaint. The statute provides that complaints "charging a violation of the [State Police] internal rules and regulations . . . shall be filed no later than the 45th day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based." Ibid. As we made clear in Division of State Police v. Maguire, 368 N.J.Super. 564, 570, 847 A.2d 614 (App.Div.), certif. denied, 181 N.J. 545, 859 A.2d 690 (2004), *494 the forty-five day period for issuance of a complaint against a trooper runs from the date the Superintendent of the Division of State Police acquires sufficient information to file and serve the complaint.
In this case, although the incident occurred in December 1999, the internal investigation was not completed until March 6, 2002, and transmitted to the Superintendent on April 29, 2002. Forty-five days from the transmittal date would have been June 13, 2002. The reprimand/complaint was not issued until June 24, 2002, and would appear to be untimely under the forty-five day rule.
The statute further provides in pertinent part, however, that complaints charging violations of "internal rules and regulations established for the conduct of the State police involving . . . unreasonable use of force . . . shall be filed no later than the 120th day." N.J.S.A. 53:1-33. This portion of the statutory provision extending the 45-day time frame to 120 days for certain charged offenses appears limited to the expiration of a "consent decree entered into between the United States and this State in Civil No. 99-5970(MLC), ordered by United States District Court Judge Mary Cooper on December 30, 1999." Ibid. After the consent decree expires, then "all discipline[ary] issues will be governed by the 45-day limit." Ibid.
The consent order referenced in the statute was entered December 30, 1999, to remedy alleged racial profiling in motor vehicle stops by the State Police. United States v. State of New Jersey & Div. of State Police of the New Jersey Dep't of Law & Pub. Safety, No. 99-5970 (D.N.J. Dec. 30, 1999), http://www.usdoj.gov/crt/split/documents/jerseysa.htm. The duration of the consent order was five years, with the possibility, upon the State's motion, of shortening the duration if the State is in substantial compliance with the terms of the consent order for at least two years. Id. Para. 131a. There is no indication that the consent order had been terminated by 2002 when the State Police filed its reprimand/complaint against DeBenedictis. Therefore, under the statute, the 120-day time frame pertained, and the reprimand/complaint was timely.

II.
DeBenedictis further complains, however, that his grievance was conducted about twenty months after the reprimand/complaint issued, and therefore violated N.J.S.A. 53:1-33, which requires that a hearing be conducted "not less than 10 or more than 30 days from date of service of the complaint."[2]Ibid.
Upon receiving the reprimand/complaint, DeBenedictis initiated his collective bargaining right to a grievance proceeding. The Trooper sought in the grievance "rescis[s]ion of [the] written reprimand and two day suspension and removal of all references thereto from grievant's personnel file." As we indicated, DeBenedictis was partially successful in the grievance and had his two-day suspension reduced to one day.
N.J.S.A. 53:1-33 provides troopers with the right to "waive" the statutorily authorized disciplinary hearing. Ibid. The waiver provision at issue is identical to the waiver provision in N.J.S.A. 40A:14-147, *495 which applies to local "law enforcement officer[s]." Two procedural avenues for such waivers are provided. Under the first, troopers "may waive the right to a hearing and may appeal the charges directly to any available authority specified by law or regulation," and under the second, troopers may "follow any other procedure recognized by a contract, as permitted by law." N.J.S.A. 40A:14-147; N.J.S.A. 53:1-33. The State argues here that DeBenedictis's grievance request activated the second portion of the waiver provision.
Only the first avenue of the waiver provision has been partially interpreted. In a discipline involving a local police officer, the Law Division concluded that permitting "appeal [of] the charges directly to any available authority specified by law or regulation," does not vest the Superior Court with original jurisdiction over the disciplinary charges. Grubb v. Borough of Hightstown, 333 N.J.Super. 592, 597-98, 756 A.2d 639 (Law Div.2000), appeal after remand, 353 N.J.Super. 333, 802 A.2d 596 (App.Div.2002).[3] In Maguire, supra, we found problematic the State's argument that the Office of Administrative Law was an "available authority" because we could not find any rule or regulation implementing this contention. Maguire, supra, 368 N.J.Super. at 575 n. 1, 847 A.2d 614.
The grievance procedure at issue in this case is part of a collective bargaining agreement, which was in effect July 1, 2000, through June 30, 2004, between the State and the State Troopers Fraternal Association of New Jersey. The Fraternal Association is legally authorized to represent troopers in employment matters. See State Troopers Fraternal Assoc. of N.J., Inc. v. State of N.J., 149 N.J. 38, 44, 692 A.2d 519 (1997); N.J.S.A. 34:13A-5.3. No one claims that the grievance procedures adopted by the State and Fraternal Association are somehow invalid or impermissible under N.J.S.A. 34:13A-5.3. Because DeBenedictis's contentions relate only to the N.J.S.A. 53:1-33 time frames, we see no need to determine specifically whether any part of the grievance procedures violate N.J.S.A. 34:13A-5.3 by impermissibly replacing or being inconsistent with the statutory hearing authorized by N.J.S.A. 53:1-33.
Thus, we hold that the grievance procedure utilized in this case constituted another "procedure recognized by a contract, as permitted by law." Once DeBenedictis grieved the reprimand/complaint, the second portion of the waiver provision of N.J.S.A. 53:1-33 was activated and the statutory hearing provisions no longer controlled. Consequently, there is no basis, under the statute, to invalidate the minor disciplinary penalty that was generated though the alternate grievance proceeding.

III.
The State requested in its appeal brief that we provide guidance regarding whether troopers may have "`two bites at the apple,'" meaning whether troopers faced with a disciplinary complaint could select a minor disciplinary hearing followed by a grievance, if the hearing did not exonerate the trooper. Apparently, in 2003, some form of "Memorandum of Understanding Re: Conduct of Hearing" was effectuated allegedly permitting this unusual procedure.
In this case, however, DeBenedictis, by electing to grieve the reprimand/complaint, opted out of the statute and did not take a second "bite at the apple." Accordingly, this problem is not properly before us, and *496 we decline to issue what would amount to an advisory opinion. Hester v. Miller, 8 N.J. 81, 84, 83 A.2d 773 (1951).
In addition, Maguire, supra, which involved a fifteen-day suspension, declined to consider whether minor disciplinary hearings are contested cases under the Administrative Procedure Act that must be referred to the Office of Administrative Law. Maguire, supra, 368 N.J.Super. at 575 n. 1, 847 A.2d 614. We pointed out in Maguire that minor discipline, such as that imposed in this case, subjects troopers to written reprimands or suspensions not exceeding five days. Ibid. Here, the minor discipline imposed was reviewed through a collectively bargained grievance procedure rather than a disciplinary hearing authorized by N.J.S.A. 53:1-33, which was not referred to the Office of Administrative Law. Thus, this issue is still not properly before us, and we once again defer its resolution.
Affirmed.
NOTES
[1] Judge Kestin, not originally assigned to hear this case, has joined in its consideration and in this opinion.
[2] Though not directly relevant to the overall rationale we have utilized to reject DeBenedectis's appeal, we point out that the statute requires "dismissal of the complaint," only for "[a] failure to comply with the provisions of this section concerning the service of the complaint and the time within which a complaint is to be filed." N.J.S.A. 53:1-33 (emphasis added). An untimely hearing is not cause for dismissal of the complaint under the statute. Ibid.
[3] On appeal, Grubb abandoned this issue. Grubb v. Borough of Hightstown, 353 N.J.Super. 333, 342 n. 1, 802 A.2d 596 (App.Div.2002).