902 A.2d 304

TROOPER RONALD ROBERTS, JR., PETITIONER–APPELLANT,
v. STATE OF NEW JERSEY DIVISION OF STATE POLICE,
RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 25, 2006—Decided July 19, 2006.

Before Judges SKILLMAN, AXELRAD [1] and PAYNE.

*Shirley Naylor* argued the cause for appellant (*Chance & McCann* attorneys; *Ms. Naylor* on the brief).

*Linda Vele Alexander*, Deputy Attorney General, argued the cause for respondent (*Zulima V. Farber*, Attorney General, attorney; *Ms. Alexander* on the brief).

The opinion of the court was delivered by

PAYNE, J.A.D.

In this appeal, we are again called upon to construe the time limitations of *N.J.S.A.* 53:1–33 applicable to determinations to remove, suspend or otherwise discipline members of the New Jersey State Police for violation of the Police's internal rules and regulations governing conduct. That statute provides in part:

> A complaint charging a violation of the internal rules and regulations established for the conduct of the State Police shall be filed no later than the 45th day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based....

The statute also provides that "[a] failure to comply with the provisions of this section concerning ... the time within which a complaint is to be filed shall require a dismissal of the complaint."

In two recent appeals in which filing of disciplinary complaints was alleged by petitioners to have been untimely, we held that because *N.J.S.A.* 53:1–10 authorizes the State Police Superintendent to "make all rules and regulations for the discipline and control of the state police" and those rules vest authority in the Superintendent to order investigations and bring disciplinary charges, the forty-five day period to which this portion of the statute refers does not commence to run until the Superintendent receives the investigatory report in a disciplinary matter. *See Division of State Police v. Maguire*, 368 *N.J.Super.* 564, 570–71,

---

[1] Judge Axelrad was added to the panel with the consent of the parties following oral argument.

847 *A.*2d 614 (App.Div.), *certif. denied,* 181 *N.J.* 545, 859 *A.*2d 690 (2004); *see also DeBenedictis v. State,* 381 *N.J.Super.* 233, 237–38, 885 *A.*2d 491 (App.Div.2005) (similarly interpreting an expanded 120–day time frame applicable to certain charged offenses).

The issue in the present appeal concerns the construction of a further provision of the statute that states:

> The applicable time limit shall not apply if an investigation of an officer or trooper for a violation of the internal rules or regulations of the law enforcement unit is included directly or indirectly within a concurrent investigation of that person for a violation of the criminal laws of this State. The applicable time limit shall begin on the day after the disposition of the criminal investigation.

Appellant, Trooper Ronald Roberts, Jr., contends that the language of this provision grants the Superintendent only forty-five days following the conclusion of a criminal investigation to file charges, regardless of when the Superintendent receives the results of the State Police's own investigative report. We reject that interpretation as inconsistent with the legislative history of the statute, find the charges filed against Roberts to have been timely, and remand the matter for completion of disciplinary proceedings.

These are the facts. On March 5, 2003, Roberts' girlfriend, Dina Colasurdo, filed domestic violence charges of assault and harassment against Roberts and was granted a temporary restraining order. She also disclosed that in addition to the verbal harassment giving rise to her complaint, Roberts had broken her arm in October of the previous year. State Police rules and regulations required Roberts to self-report the charges within four hours of the time that they were filed. However, Roberts did not do so, but instead delayed notification to his employer of the criminal complaint until March 11, 2003.

An investigation was commenced by the State Police on the day of Colasurdo's complaint. However, the investigation was suspended on March 25, 2003 after the matter was referred to the Division of Criminal Justice, Office of Insurance Fraud Prosecutor as the result of Colasurdo's statement that Roberts had attempted to defraud his homeowner's insurer by claiming that Colasurdo's

broken arm was sustained in a fall down a flight of stairs, and not as the result of domestic violence.

By letter dated December 22, 2003, the Insurance Fraud Prosecutor informed the State Police that there was not enough evidence to proceed, and the Prosecutor was declining prosecution in the matter. Upon receipt of that letter, the internal investigation was reassigned to Lieutenant Maureen Scianimanico on December 30, 2003 and concluded by her on January 29, 2004. After reviewing and concurring with her findings, on February 17, 2004, Major Gordon Coleman, Bureau Chief of the Internal Affairs Investigations Bureau, transmitted the completed internal investigation to the Superintendent. The Superintendent authorized administrative charges on February 20, 2004.

Roberts was served with a written reprimand on March 1, 2004 by the Office of Professional Standards, which provided for a five-day suspension, two days of which would be held in abeyance for one year. A hearing was scheduled for March 29, 2004, but was adjourned at Roberts' request. On April 15, 2004, Roberts filed a verified complaint in the Superior Court in which he challenged the timeliness of the disciplinary charge and sought its dismissal pursuant to *N.J.S.A.* 53:1–33. After a motion by the State Police, the matter was transferred to us for disposition.

I.

The State Police have challenged Roberts' action as the result of his failure to exhaust administrative remedies. We reject that challenge, finding that the exhaustion doctrine is not an absolute, *Garrow v. Elizabeth Gen. Hosp. and Dispensary,* 79 *N.J.* 549, 561, 401 *A.*2d 533 (1979), and that its invocation here would serve no useful purpose. In this regard, we note that the issue raised by Roberts is solely a legal one of statutory interpretation. The Supreme Court has found that:

In general, in cases "involving only legal questions, the doctrine of exhaustion of remedies does not apply." A limited exception to this rule may be appropriate where the court perceives the agency to be in a special position to interpret its

enabling legislation, but where the agency cannot definitively or conclusively resolve the issues, and further, cannot provide any relief for plaintiffs, any delay in confronting the merits will work an injustice.

[*Abbott v. Burke,* 100 *N.J.* 269, 298, 495 *A.*2d 376 (1985) (citations omitted).]

■ Documents submitted on Roberts' behalf demonstrate that the State Police have declined to address the implementation of the forty-five day rule administratively at contractual proceedings held to review grievance appeals of written reprimands, and have instead "defer[red] to the judicial forums" such statutory interpretation issues. In this circumstance, we find a remand to permit further administrative consideration of this issue would be fruitless. Where administrative "remedies are futile, illusory or vain, elemental considerations of justice will dictate that the courts reject their invocation as a barrier to judicial relief" against allegedly arbitrary or illegal action. *Naylor v. Harkins,* 11 *N.J.* 435, 444, 94 *A.*2d 825 (1953).

## II.

■ When we turn to the merits, we find the interpretative issue that has been raised to be less clear-cut than that raised in *Maguire* and *DeBenedictis,* and the operative portions of the statute to be facially ambiguous, rendering necessary an exploration of legislative intent. *Burns v. Belafsky,* 166 *N.J.* 466, 473, 766 *A.*2d 1095 (2001). In order to ascertain that intent, we look to extrinsic evidence provided by the statute's legislative history. *Ibid.*

*N.J.S.A.* 53:1–33 was signed into law on January 8, 2002. As initially proposed in both the Senate and Assembly, the statute provided in relevant part:

A complaint charging a violation of the internal rules and regulations established for the conduct of the State Police shall be filed no later than the 45th day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based. The *45-day time limit* shall not apply if an investigation of an officer or trooper for a violation of the internal rules or regulations of the law enforcement unit is included directly or indirectly within a concurrent investigation of that person for a violation of the criminal laws of this

State. The *45–day limit* shall begin on the day after the disposition of the criminal investigation.
[Senate, No. 2353 (introduced May 14, 2001); Assembly, No. 3615 (introduced June 4, 2001) (emphasis supplied).]

The bill, enacted in this form, was conditionally vetoed by Acting Governor DiFrancesco, who stated in his recommendations for reconsideration:

> I commend the sponsors for securing passage of this significant legislation. I am concerned over the inequity of undue delay in the filing of disciplinary charges against a member of the State Police. This concern, however, must be counterbalanced against the interest in conducting thorough and complete investigations as a precursor to filing any such charges, as well as the public interest in assuring appropriate discipline is provided for substantiated misconduct.

Recommended changes included the substitution of "applicable" or "applicable time" for the final two, emphasized, references to 45–day periods appearing in the relevant portions of the bill that we have quoted. The Acting Governor's recommendations were accepted by the Legislature, which incorporated them into the statute in its presently existing form.

We find that the interpretation of *N.J.S.A.* 53:1–33 advanced by Roberts fails to accord with the Legislature's intent as we have discerned it through that statute's legislative history. Rather, we conclude that the sentence, "[t]he applicable time limit shall begin on the day after the disposition of the criminal investigation," becomes literally operative only if the Superintendent has previously "obtained sufficient information to file the matter upon which the complaint is based." If the Superintendent does not obtain that "sufficient information" until some time after the disposition of the criminal investigation, the forty-five day period does not commence until the information is in hand.

If any other interpretation of the statutory language were to be adopted, the Superintendent would be deprived of the time necessary for a "thorough and complete" investigation to be conducted—time that we have found is unambiguously afforded in instances in which concurrent criminal proceedings have not been initiated. It would be illogical for the Legislature to have provided the necessary investigative period to determine whether disci-

plinary charges should issue when no criminal conduct has been alleged, but to have shortened that period when potential criminal conduct is under investigation. We decline to infer an intent to achieve such an unreasonable result. *DeLisa v. County of Bergen,* 165 *N.J.* 140, 147, 755 *A.*2d 578 (2000); *State of New Jersey in the Interest of S.S.,* 367 *N.J.Super.* 400, 406, 842 *A.*2d 904 (App. Div.2004), *aff'd o.b.* 183 *N.J.* 20, 869 *A.*2d 875 (2005).

In the present matter, the record reflects that at the time the criminal investigation of Roberts' conduct commenced, the investigation by the State Police was still in progress. It was resumed upon the conclusion of the criminal investigation, and its results were forwarded to the Superintendent on February 17, 2004. The filing of disciplinary charges three days later clearly was timely.

As a final matter, we reject Roberts' position that the criminal investigation was too tangential to have tolled the time for the State Police's investigation, rendering the conclusion of that investigation untimely. Although Roberts was eventually reprimanded only for his failure to self-report the criminal charges against him within the required four-hour period, we find that the State Police were justified in deferring any action against him until the conclusion of the criminal investigation, since a determination to criminally prosecute him could have markedly affected the nature of the disciplinary charges that were issued.

We therefore find the disciplinary charges against Roberts to have been timely filed, and we remand the matter to the State Police for further proceedings in accordance with this opinion.